**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | **CASE NO. 20-cr-14-PX** |
| v. | * | |
| | * | |
| **HANA KHIDIR ABDALLA,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

**\*\*\*\*\*\*\***

## CONSENT MOTION FOR PROTECTIVE ORDER

The government—with the consent of counsel for the defendant—moves for a discovery protective order.   In support of the government's motion, the government states the following.

1.      On January 13, 2020, a Grand Jury in the District of Maryland returned a two-count indictment charging the defendant with one count of destruction, alteration, and falsification of records in a federal investigation (18 U.S.C. § 1519) and one count of aiding and abetting (18 U.S.C. § 2).   The defendant had an initial appearance on August 1, 2022.

2.      The government is in the process of preparing discovery and intends to begin producing discovery to counsel for the defendant shortly.   During the investigation, the government obtained voluminous records that the government wishes to provide to the defendant and her counsel.   Discovery consists of thousands of pages of, among other things, bank records, account statements, and other financial materials.   These documents contain, among other things, sensitive and personal identifying information of individuals other than the defendant.

3.      Pursuant to United States Attorney's Office policy, in the absence of a Protective Order, personal identifiers must be redacted from discovery before being produced to the defense. Because discovery in this case is voluminous, redacting every document in discovery will be time

consuming and will significantly delay the discovery process.

4.     To allow the government to produce discovery in unredacted form, the government and the defendant requests that this Court enter a Protective Order under Federal Rule of Criminal Procedure 16(d)(1). A proposed Protective Order is attached. This Protective Order will protect the privacy interests of individuals whose personal identifiers are in discovery without burdening the defendant in the preparation of the defense.

Respectfully submitted,

Erek L. Barron
United States Attorney

_____/s/_____

Caitlin R. Cottingham
Joel Crespo
Assistant United States Attorneys

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | **CASE NO. 20-cr-14-PX** |
| **v.** | * | |
| | * | |
| **HANA KHIDIR ABDALLA,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

**\*\*\*\*\*\*\*\***

This matter comes before the Court on the parties' Consent Motion for a Protective Order Pursuant to Federal Rule of Criminal Procedure 16(d)(1). The government's motion for a protective order is hereby **GRANTED** and it is **ORDERED** as follows:

1.    <u>Applicability</u>.

(A)    <u>Covered Discovery Material</u>. This Protective Order applies to all items, documents and information ("discovery material") that the government produces to any defense counsel in relation to the above-captioned case. The Order therefore applies whether the discovery material is produced in accordance with the parties' discovery agreement, the Federal Rules of Criminal Procedure, the Jencks Act (18 U.S.C. § 3500), or applicable Constitutional requirements such as *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). The Order applies equally to discovery material that might not be strictly discoverable by the above agreement and requirements, but which the government produces for the convenience of or at the request of one or more defendants.

(B)    <u>Covered Persons</u>. This Protective Order applies to all defense counsel, their associates, paralegals, and assistants (collectively "defense counsel") in or related to the above-captioned case. This Protective Order further applies to any person who obtains discovery material from defense counsel, whether pursuant to paragraph 3 or otherwise.

2.      Prohibitions. The following prohibitions apply except as noted in paragraph 3.

(A)      No Further Dissemination of Discovery Material. Defense counsel are prohibited from disseminating any tangible discovery material, whether in written, electronic, or any other form, to anyone.

(B)      No Communication of Personal Identifiers. Defense counsel are prohibited from communicating to anyone any "personal identifiers" that counsel have obtained through the discovery material. The term "personal identifiers" includes names of minors, dates of birth, social security numbers, taxpayer identification numbers, home street addresses, telephone numbers, financial account numbers, passport numbers, and any other identifier that may improperly disclose private or sensitive information. This prohibition applies to all personal identifiers in the discovery materials, whether they pertain to a defendant or another real or fictitious person.

(C)      No Communication of Witness Location Information. Defense counsel are prohibited from revealing, by any means, witness location information and information that could reasonably lead to the discovery of a witness's location, to anyone, including any client, other defendant, or any third person.

3.      Exceptions Where Discovery Material May be Disseminated. All recipients of discovery material are bound by this Protective Order and subject to the same prohibitions as apply to defense counsel. Such recipients may not further disseminate any discovery material except as set forth below.

(A)      Co-Counsel and Employees. Defense counsel may provide discovery material, may communicate personal identifiers, and may reveal witness location information to their employees (associates, paralegals, and assistants) and their co-defense counsel, where (1) such provision is necessary to the representation of the defendant, and (2) such recipients are

provided with this Protective Order.

(B)     Investigators and Experts. Defense counsel may provide discovery material, may communicate personal identifiers, and may reveal witness location information to designated investigators and designated expert witnesses, only to the extent that (1) such provision is necessary to the representation of the defendant, and (2) such recipients are provided with this Protective Order and instructed that they are bound by its terms.   Defense counsel shall retain a list of individuals who have received copies of discovery material.

(C)     Use in the Course of Defense. Defense counsel and those who are authorized to receive discovery materials by paragraphs 3(A) and (B) may further use such materials in the course of their defense, as follows:

(i)     Review by Defendant. The defendant may review the discovery materials, but may not be provided with any copies thereof, nor may the defendant keep any portions of the materials, without defense counsel first following the procedures set forth in Standing Order 2020-01. The defendant may make and keep notes except that such notes may not contain any personal identifiers or witness location information.

(ii)     Filing with the Court. Defense counsel may file discovery material with the Court as provided by Federal Rule of Crim. P. 49.1, *except* defense counsel may not rely upon the exemption from redaction set forth in paragraph 49.1(b)(7).

(iii)     Fact Witness Interviews. Discovery materials may be shown to fact witnesses during pretrial interviews and preparation, to the extent necessary for defense of the case, but such witnesses may not be provided with any copies thereof, nor may they keep any notes or portions of the materials.

Defense counsel and any other recipients of discovery materials who are not employees of defense counsel's firm must be provided a copy of this Protective Order and be advised that they are bound by its terms. Defense counsel shall retain a list of all such individuals outside of the Federal Public Defender's Office for the District of Maryland, or the law offices of Wiley Rein LLP who receive copies of any discovery materials covered by the Protective Order.

_____                    _____
Date                                                                   HONORABLE PAULA XINIS
                                                                          UNITED STATES DISTRICT JUDGE